**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**Central Division**

| | |
|---|---|
| IOWA LABORERS' DISTRICT COUNCIL HEALTH AND WELFARE TRUST FUND; <br><br> LABORERS' NATIONAL PENSION FUND; <br><br> IOWA LABORERS' EDUCATION AND TRAINING FUND; <br><br>         Plaintiffs, <br><br> v. <br><br> C. COX CONCRETE, LLC <br><br>         Defendant. | Case No. 4:19-cv-105 |

**COMPLAINT**

**NATURE OF THE CASE**

1.  This Complaint brings an action to collect delinquent fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective bargaining agreement(s) (hereinafter "CBAs") with the Plaintiffs.

**PARTIES**

2.  Plaintiff Iowa Laborers' District Council Health and Welfare Fund (hereinafter "Plaintiff Health and Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2415 Ingersoll Avenue, Des Moines, Iowa 50312. Plaintiff Health and Welfare Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d).

1

3. Plaintiff Laborers' National Pension Fund (hereinafter "Plaintiff Pension Fund) is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 14140 Midway Rd, # 105, Dallas, Texas 75244. Plaintiff Pension Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Iowa Laborers' Education and Training Fund (hereinafter "Plaintiff Education and Training Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. §1002(3) and maintains its principal place of administration at 5806 Meredith Drive, Suite C, Des Moines, Iowa 50312. Plaintiff Education and Training Fund is a legal entity which may sue or be sued pursuant to 29 U.S.C. § 1132(d). The Plaintiffs are hereinafter referred to collectively as the "Plaintiff Funds."

5. Defendant, C. Cox Concrete, LLC (hereinafter "C. Cox Concrete") is a limited liability company organized and existing under the laws of the State of Iowa, and is an employer within the meaning of 29 U.S.C. § 1002(5). Defendant C. Cox Concrete maintains its principal place of business at 575 W. 1st Street, Indianola, Iowa 50125.

**Jurisdiction**

6. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

7. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because Plaintiff Iowa Laborers District Council Health and Welfare Trust Fund, and Iowa Laborers' Education and Training Fund are administered in the State of Iowa, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Iowa, and because the Defendants principal place of business is in Indianola, Iowa.

## CAUSES OF ACTION

### Count I: Delinquent Contributions

8. Plaintiffs hereby incorporate by reference paragraphs 1 through 7 above as if set forth fully herein.

9. On or about February 21, 2017, Defendant C. Cox Concrete became signatory to a collective bargaining agreement between the Heavy Highway Contractors Association (the "Association") and the Great Plains Laborers' District Council, and affiliated Local Unions, including Laborers' Local 177.

10. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBA.

11. The Collective Bargaining Agreement (hereinafter the "CBA"), covers "all highway, heavy and railroad construction, sewer, waterworks, concrete reservoirs and utility construction, airport construction, demolition and snow removal, and residential construction work . . . which any contractor or subcontractor performs in the State of Iowa, except Scott County."

12. Among other duties imposed by upon Defendant C. Cox Concrete under the CBA, Defendant C. Cox Concrete is obligated under the CBA and incorporated Trust Agreements to timely submit reports and fringe benefit contributions to Plaintiff Funds each month, in such amounts as determined by the number of hours of covered work performed by Defendant C. Cox Concrete's employees, at the rates established for Plaintiff Funds in the CBA and incorporated documents.

13. The CBA requires contributions to the Plaintiff Funds to be made by the twentieth (20th) day of the following month on which contributions are to be paid. The CBA provides that, should contributions for a previous month not be paid by the twentieth (20th) day of the following month, the employer shall be liable for all claims which may arise on account of such non-payment.

14. The CBA further provides that in any action brought by the Funds to enforce compliance with the CBA, the Funds are empowered to collect unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the Court deems appropriate.

15. At all times relevant to this action, Defendant C. Cox Concrete has employed individuals who have performed work covered by the CBA.

16. After becoming a signatory to the CBA in February 2017, Defendant C. Cox Concrete failed to make any contributions as required by the CBA, for the entire duration of the CBA.

17. Due to Defendant C. Cox Concrete's failure to make contributions and/or forward payroll deductions, an audit was conducted in May 2018 to determine the extent of Defendant's delinquency.

18. As revealed by the audit, Defendant C. Cox Concrete is liable to the Plaintiff Funds for delinquent contributions under the CBA and Trust Agreements in the amount of Eighty-Two Thousand, Twenty-Eight Dollars and Ninety-Nine Cents ($82,028.99) for the months of March, April, May, June, July, August, September, and October 2017.

19. Defendant C. Cox Concrete is also liable in an amount, presently unknown but to be determined in this action, for contributions due and owing for hours of unreported work

performed by Defendant C. Cox Concrete since November 2017 to present, and for such additional future months for which Defendant C. Cox Concrete fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed.

20. The CBA, Trust Agreements, and ERISA provide remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to the Plaintiff Funds for all hours of work covered by the CBA. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

21. Plaintiff Funds have incurred and will continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions. Plaintiff funds are entitled to recover these fees and costs pursuant to the terms of the CBA, Trust Agreements, and by law.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant C. Cox Concrete is liable to Plaintiffs and entering judgment against Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to Plaintiffs for delinquent contributions, payroll deductions, liquidated damages, interest, and for delinquent work assessments for the months of March 2017 through October 2017 in the amount of Eighty-Two Thousand, Twenty-Eight Dollars and Ninety-Nine Cents ($82,028.99), plus interest and/or liquidated damages accruing after October 2017 to present;

(3) Ordering Defendant C. Cox. Concrete to pay for any and all amounts that are determined to be due and owing for covered work performed in November 2017 to present, and for subsequent months following the filing of this action for which

>Defendant failed to submit reports and contributions, plus liquidated damages, interest, and other damages as may be determined to be due as of the date judgment is entered;

>(4) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable to the collection of delinquent contributions, liquidated damages and/or interest found to be due and owing to Plaintiffs; and

>(5) Granting Plaintiffs such other relief that the Court deems just and proper.

Respectfully Submitted,

**BLAKE & UHLIG, P.A.**

/s/ Michael E. Amash
Michael E. Amash
Iowa Bar # AT0011604
753 State Ave, Suite 475
Kansas City, KS 66101
Phone: (913)321-8884
Fax:    (913)321-2396
Email: mea@blake-uhlig.com